**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

DEMETRIUS FLOWERS                                                     PLAINTIFF

V.                          3:07CV00166 SWW/JTR

TIFFANY SKAGGES, Nurse,
Craighead County Detention Facility, et al.                         DEFENDANTS

**ORDER**

      Plaintiff, Demetrius Flowers, who is currently a freeworld citizen, has filed a *pro se*[1] § 1983 Complaint alleging that Defendants violated his constitutional rights while he was confined at the Craighead County Detention Facility ("CCDF"). *See* docket entry #1.

      Plaintiff has neither paid the $350 filing fee or filed an Application to Proceed *In Forma Pauperis*. Accordingly, the Court will direct the Clerk to mail an Application to Proceed *In Forma Pauperis* to Plaintiff and give Plaintiff thirty days to file a properly completed Application or pay the filing fee in full.

      In his Complaint, Plaintiff contends that Defendants failed to provide him with adequate medical care and interfered with his legal mail. *See* docket entry #1. The *in forma pauperis* statute provides that a Court may dismiss a case, at anytime, if it appears that it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Portions of Plaintiff's Complaint are too

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

vague to determine whether he has stated viable § 1983 claims. Accordingly, Plaintiff will be given thirty days to file an Amended Complaint specifying: (1) the relief he is seeking; (2) whether he is suing Defendants in their official and/or individual capacities; (3) whether he was a pretrial detainee or convicted prisoner at the time of the alleged constitutional violations; (4) how each of the three Defendants failed to provide him with inadequate medical care and/or interfered with his legal mail; and (5) how he was actually harmed by the alleged interference with his legal mail.[2]

Finally, Plaintiff's Complaint includes a request for appointment of counsel. *See* docket entry #1. It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794.

Plaintiff's claims are not legally or factually complex. Furthermore, it appears from the record that Plaintiff is capable of presenting his claims without the benefit of appointed counsel. Under the circumstances, the Court concludes that the pertinent factors do not weigh in favor of

---

[2]The doctrine of sovereign immunity prohibits a plaintiff from obtaining monetary damages from a state actor named in his or her official capacity. *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005); *Murphy v. State of Arkansas*, 127 F.3d 750, 754-55 (8th. Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989). However, sovereign immunity does not bar a plaintiff from obtaining: (1) monetary damages against a state actor named in his or her individual capacity; or (2) injunctive relief against a state actor in his or her official capacity. *Id.*

appointment of counsel at this time.

       IT IS THEREFORE ORDERED THAT:

       1.      The Clerk shall redesignate this case as a "440" because Plaintiff is not incarcerated.

       2.      The Clerk is directed to send Plaintiff a freeworld *In Forma Pauperis* Application.

       3.      Plaintiff shall, **within thirty days of the entry of this Order,** either: (a) pay the $350 filing fee in full;[3] or (b) file a properly completed *In Forma Pauperis* Application.

       4.      Plaintiff shall file an Amended Complaint, containing the information specified herein, **within thirty days of the entry of this Order.**

       5.      Plaintiff is reminded (as fully explained in footnote 1 to this Order) that the failure to timely and properly comply with this Order could result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

       Dated this 13th day of November, 2007.

       _____
       UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's payment must clearly indicate that it is for the filing fee in "*Flowers v. Skagges*, 3:07CV00166 SWW/JTR."